UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DRIVER ID INC., a Nevada corporation,

    Plaintiff,

vs.

TRIPLE M FINANCING CO., a Michigan corporation, and PAYMENT PROTECTION SYSTEMS INC., a California corporation,

    Defendants.

Case No. 00-70645

Hon. Denise Page Hood

_____

**PLAINTIFF'S MOTION IN LIMINE TO STRIKE THE EXPERT REPORT OF HARRY F. MANBECK, JR. AND EXCLUDE MR. MANBECK AS A WITNESS**

    NOW COMES the Plaintiff, Driver ID Inc., and hereby moves this Court to strike the expert report of Harry F. Manbeck, Jr. and to exclude Mr. Manbeck as a witness from this case.

    A brief in support of the instant motion is submitted concurrently herewith.

    Plaintiff's counsel sought concurrence from defense counsel for the relief sought by the instant motion, and such concurrence was not obtained.

    The grant of this motion is earnestly solicited.

Respectfully submitted,

s/Douglas W. Sprinkle_____
Douglas W. Sprinkle (P25326)
GIFFORD, KRASS, GROH, SPRINKLE,
ANDERSON & CITKOWSKI, P.C.
280 N. Old Woodward, Suite 400
Birmingham, MI  48009
litigation@patlaw.com
(248) 647-6000
(248) 647-5210 – Facsimile

*Attorneys for Plaintiff*

DWS/qs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DRIVER ID INC., a Nevada corporation,

    Plaintiff,

vs.

TRIPLE M FINANCING CO., a Michigan corporation, and PAYMENT PROTECTION SYSTEMS INC., a California corporation,

    Defendants.

_____

Case No. 00-70645

Hon. Denise Page Hood

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO STRIKE THE EXPERT REPORT OF HARRY F. MANBECK, JR. <u>AND EXCLUDE MR. MANBECK AS A WITNESS</u>**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.   Introduction........................................................................................................... 1

II.  The Expert Report of Mr. Manbeck Should Be Struck As Untimely Filed ............. 1

     A.   The Process by Which Inventors Obtain Patents ....................................... 2

     B.   The Prosecution History of the Patent in Suit............................................. 2

     C.   The Patent Obtained by PPS ...................................................................... 2

     D.   The Opinions of Counsel Obtained by PPS from Mr. Nolan....................... 2

     E.   The Factors to Be Considered When Measuring Damages........................ 2

III. Mr. Manbeck's Expert Report Should Be Struck Since it Constitutes
     Nothing More Than a Legal Brief ........................................................................... 3

IV.  Conclusion............................................................................................................. 7

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Adalman* v. *Baker, Watts & Co.*,
807 F.2d 359, 368 (4th Cir. 1986) ........................................................................... 4, 6

*Aguilar* v. *International Longshoremen's Union, Local # 10*,
966 F.2d 443, 447 (9th Cir. 1992) ........................................................................... 6, 7

*Berry* v. *City of Detroit*,
25 F.3d 1342, 1353-54 (6th Cir. 1994) .......................................................................... 6

*Burkhart* v. *Washington Metro. Area Transit Auth.*,
112 F.3d 1207, 1212-14 (D.C. Cir. 1997) ................................................................. 6, 7

*Chirco et al. v. Gateway Oaks LLC et al.*,
U.S. District Court for the Eastern District, Southern Division, Case No.
02-73188 ........................................................................................................................ 7

*Marx & Co., Inc.* v. *Diners' Club Inc.*,
550 F.2d 505, 508-509 (2nd Cir. 1977) ..................................................................... 4, 6

*Nieves-Villanueva* v. *Soto-Rivera*,
133 F.3d 92 (1st Cir. 1997) ............................................................................................ 5

*Snap-Drape, Inc.* v. *Commissioner*,
98 F.3d 194, 197-98 (5th Cir. 1996) .............................................................................. 6

*Specht* v. *Jensen*,
853 F.2d 805 (10th Cir. 1988) ....................................................................................... 6

*United States* v. *Newman*,
49 F.3d 1, 7 (1st Cir. 1995) ............................................................................................ 6

**Other Authorities**

3 *Corbin on Contracts* §554, p. 227 (1960) ............................................................................ 4

VII *Wigmore on Evidence* §1952, at 81 ............................................................................ 4, 7

**Rules**

Fed. R. Evid. 702 ................................................................................................................... 6

Fed. R. Evid. 704(a) ............................................................................................................. 5

**I.     Introduction.**

This is the brief in support of Plaintiff's motion to strike the expert report of Harry F. Manbeck, Jr. and to exclude Mr. Manbeck as a witness from this case.

**II.    The Expert Report of Mr. Manbeck Should Be Struck As Untimely Filed.**

By order of this Court, all expert reports were to be filed by May 22, 2004. Rebuttal expert reports to those expert reports were due to be filed on June 22, 2004. Trial is currently set for September 14, 2004.

On May 20, the Plaintiff filed a single expert report of Joseph Ziomek and a copy of that report is attached hereto as Exhibit A. The Defendants also filed an expert report of their technical expert, Dr. Ribbens. No other expert reports were filed on the May 22, 2004 due date.

On June 22, 2004, the Plaintiff filed a rebuttal expert report by its expert Mr. Ziomek to the expert report filed by Dr. Ribbens. The Defendants also filed a rebuttal expert report of Dr. Ribbens to Mr. Ziomek's original expert report.

However, additionally on June 22, 2004, and thus over a month past the May 22 due date, the Defendants filed an expert report of Harry F. Manbeck, Jr.; Exhibit B. Mr. Manbeck is an attorney and, according to his report, practiced patent law from 1970 to 1990. On page 3 of Mr. Manbeck's expert report, he delineates five areas on which he expects to testify. None of these areas, however, were in any way addressed by the Plaintiff's expert report from Mr. Ziomek. As such, the expert report of Mr. Manbeck is not a rebuttal report at all. Rather, it is an original expert report and it is a month late.

More specifically, the areas in which Mr. Manbeck would like to testify are as follows:

1

### A. The Process by Which Inventors Obtain Patents.

There is absolutely nothing in Mr. Ziomek's expert report relating to the process by which inventors obtain patents in the Patent and Trademark Office. Therefore, this is not rebuttal.

### B. The Prosecution History of the Patent in Suit.

Mr. Ziomek's expert report did not discuss the prosecution history of the patent in suit. Therefore, this area is not a rebuttal area that properly could have been filed on June 22. Rather, it is an original expert report and a month late.

### C. The Patent Obtained by PPS.

There is absolutely nothing in Mr. Ziomek's expert report about any patent obtained by the Defendant PPS. Therefore, this area of testimony cannot be considered rebuttal at all but rather, an original expert report. It is a month late.

### D. The Opinions of Counsel Obtained by PPS from Mr. Nolan.

There is absolutely nothing in Mr. Ziomek's report about any opinion obtained by Mr. Nolan. Therefore, this area does not constitute rebuttal to Mr. Ziomek's expert report. It is an original expert report and it is a month overdue.

### E. The Factors to Be Considered When Measuring Damages.

There is absolutely nothing in Mr. Ziomek's expert report that even touches upon the measure of damages in this case. Therefore, this area of testimony is not rebuttal to Mr. Ziomek's expert report. It is an original expert report and it is a month overdue.

It would be highly prejudicial to the Plaintiff to allow the Defendants to rely upon this untimely filed expert report of Mr. Manbeck. Plaintiff has had absolutely no opportunity to obtain its own expert to rebut the report of Mr. Manbeck (even though for

the reasons set forth in the next section, such testimony is improper), and in view of the rapidly upcoming trial date, Plaintiff and Plaintiff's counsel are busy preparing for the trial.

In short, this is not a situation where the expert report is a day or two late. Rather, it is over a month late, and Plaintiff has no opportunity to file its own expert report since the date for rebuttal reports has now passed. For all these reasons, the entire report of Mr. Manbeck should be struck as untimely and Mr. Manbeck should be excluded as a witness from this case.

### III. Mr. Manbeck's Expert Report Should Be Struck Since it Constitutes Nothing More Than a Legal Brief.

The sole expertise claimed by attorney Manbeck is that he is an expert in patent law. Indeed, his entire expert report is nothing more than a legal brief in which he analyzes what he considers to be the applicable law (complete with case citations) and with instructions on how the jury should apply that law.

See, for example, page 23 of attorney Manbeck's expert report in which he analyzes the case of *Georgia Pacific* and the fashion in which the jury should be instructed regarding damages.

Similarly, see the section of attorney Manbeck's decision beginning on page 16 in which attorney Manbeck discusses the appropriate instructions to be given to the jury when determining whether or not the Defendants' infringement was willful or not. We even have a section by attorney Manbeck discussing an opinion given by a different attorney, attorney Robert Nolan. Likewise, beginning on page 12 and particularly paragraphs 27 and 31 of attorney Manbeck's expert report, attorney Manbeck discusses the appropriate jury instructions to be given regarding the doctrine of equivalents.

3

Likewise, in paragraph 24 attorney Manbeck discusses the legal ramifications of the transition phrase "in a patent claim".

In short, the entire expert report of attorney Manbeck constitutes nothing other than a legal brief on how the jury should be instructed with respect to patent law.

Fortunately, the law is crystal clear that "legal experts" such as Mr. Manbeck are improper to assist the Court in instructing a jury. Rather, we already have a legal expert in this case and that expert is called Judge Hood.

See, for example, *Marx & Co., Inc.* v. *Diners' Club Inc.,* 550 F.2d 505,508-509 (2nd Cir. 1977) in which the plaintiffs sued the defendants for securities fraud and breach of contract. The District Court permitted plaintiffs' expert in securities law to offer his opinion on whether plaintiffs were entitled to prevail on their claims based on, among other things, the parties' obligations under their contract. The Second Circuit held that the admission of these opinions constituted reversible error, explaining:

> It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge. As Professor Wigmore has observed, expert testimony on law is excluded because "the tribunal does not need the witness' judgment. . . . (T)he judge (or the jury as instructed by the judge) can determine equally well. . . ." The special legal knowledge of the judge makes the witness' testimony superfluous. VII *Wigmore on Evidence* §1952, at 81. See 3 *Corbin on Contracts* §554, p. 227 (1960). ("Construction (of a contract) is always a matter of law for the Court.") [*Marx,* 550 F.2d at 509-510.]

Similarly, in *Adalman* v. *Baker, Watts & Co.*, 807 F.2d 359, 368 (4th Cir. 1986), the Court held that the testimony of legal counsel to partnership as to meaning and applicability of securities laws to transactions at issue was inadmissible:

> From beginning to end, it is obvious that Appellants proffered Casgar as an expert witness to testify in substantial part to the meaning and applicability of the securities laws to the transactions here, giving his expert opinion on the governing

4

law. This flies squarely in the face of the precedent – and the logic of that precedent – set out in *Marx, supra.*

Thus, the court sustains the action of the court below in excluding the testimony of Casgar as an expert, though as indicated the court's reasoning on this point differs in some degree from the reasoning of the trial court in excluding that testimony.

Application of revised Rule 704(a) of Fed. R. Evid. does not change this conclusion. That rule provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." (emphasis added).

As the annotation to Rule 704(a) notes:

> The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. . . .

In earlier days, the proscription of testimony on the "ultimate issue" was, in the commoner fact patterns, based on the conclusion that such testimony "usurped the province of the jury." Rule 704(a) removes that proscription, but it should not, and does not, permit the expert witness to usurp the province of the judge.

We conclude that such evidence as that proposed to be adduced from Casgar as an expert is not admissible, and thus falls within the bar imposed by the "otherwise admissible" language of Rule 704(a).

In *Nieves-Villanueva* v. *Soto-Rivera,* 133 F.3d 92 (1st Cir. 1997), the First Circuit held that the District Court erred when it permitted an expert to testify that political employees had been illegally appointed. In doing so, it offered the following summary of the cases:

5

It is black-letter law that "[i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." *United States* v. *Newman*, 49 F.3d 1, 7 (1st Cir. 1995) (quoting *Marx & Co.* v. *Diners' Club, Inc.,* 550 F.2d 505, 512 (2nd Cir. 1977)).  At least seven circuit courts have held that the Federal Rules of Evidence prohibit such testimony, and we now join them as to the general rule.  *See Burkhart* v. *Washington Metro. Area Transit Auth.,* 112 F.3d 1207, 1212-14 (D.C. Cir. 1997) (reversible error to allow an expert in police practices to opine on whether police officers' efforts in communicating with a deaf plaintiff were enough to satisfy federal disability statutes); *Snap-Drape, Inc.* v. *Commissioner*, 98 F.3d 194, 197-98 (5th Cir. 1996) (trial court properly excluded taxpayer's expert reports as containing nothing more than legal arguments concerning the tax treatment of certain dividends); *Berry* v. *City of Detroit,* 25 F.3d 1342, 1353-54 (6th Cir. 1994) (finding inadmissible the comments of an expert in police practices on the meaning of the legal term "deliberate indifference" in a civil rights case); *Aguilar* v. *International Longshoremen's Union, Local # 10,* 966 F.2d 443, 447 (9th Cir. 1992) (testimony of purported expert that workers reasonably and foreseeably relied on defendants' promises addressed "matters of law for the court's determination" that were "inappropriate subjects for expert testimony"); *Specht* v. *Jensen,* 853 F.2d 805 (10th Cir. 1988) (en banc) (reversible error to allow an expert witness who was an attorney to give his opinions on what was required to make consent to a search effective); *Adalman* v. *Baker, Watts & Co.*, 807 F.2d 359, 366 (4th Cir. 1986) (finding inadmissible proffered expert opinion concerning whether, under securities laws, disclosure of a particular fact was required in the course of negotiating a transaction); *Marx & Co.* v. *Diners' Club, Inc.,* 550 F.2d 505 (2nd Cir. 1977) (securities lawyer, called as an expert, could not testify to the legal obligations created under a contract). * * *

Because the jury does not decide such pure questions of law, such testimony is not helpful to the jury and so does not fall within the literal terms of Fed. R. Evid. 702, which allows expert testimony "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. . . ."  As the D.C. Circuit noted, "Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect. . . ."  *Burkhart*, 112 F.3d at 1212; *see also Aguilar*, 966 F.2d at 447 (expert legal opinion does not assist the

6

factfinder under Rule 702). This is because the judge's expert knowledge of the law makes any such assistance at best cumulative, and at worst prejudicial. *See Burkhart*, 112 F.3d at 1213 (**"Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards."**); 7 *Wigmore on Evidence* §1952 (Chadbourne rev. 1978) ("It is not the common knowledge of the jury which renders the witness' opinion unnecessary, but the special legal knowledge of the judge."

Here, the Manbeck report is nothing more than an attempt by attorney Manbeck to usurp the Court's function in deciding the controlling legal issues; and, therefore, the Manbeck report should be stricken.

Indeed, an almost identical situation arose in this district in the case of *Chirco et al. v. Gateway Oaks LLC et al.*, Case No. 02-73188 which is currently before Judge Borman. In that case, the defendants, like the Defendants in this case, attempted to submit an expert report from a legal expert regarding the applicable standards used in a copyright case. Judge Borman, in his decision dated July 29, 2003 (copy attached hereto as Exhibit C), had no hesitation in striking the entire expert report of the legal expert attorney Abrams.

Plaintiffs respectfully submit that this Court does not need help from a legal expert in properly instructing the jury. Likewise, since attorney Manbeck does not profess to be a technical expert, no testimony that he is capable of will assist the jury in technical matters. Therefore, his report should be stricken and he should be excluded as a witness.

**IV. <u>Conclusion</u>.**

For all the foregoing reasons, the entire expert report of attorney Manbeck should be stricken and attorney Manbeck should be excluded as a witness from this case.

7

Such action is respectfully solicited.

Respectfully submitted,

s/Douglas W. Sprinkle
Douglas W. Sprinkle (P25326)
GIFFORD, KRASS, GROH, SPRINKLE,
ANDERSON & CITKOWSKI, P.C.
280 N. Old Woodward, Suite 400
Birmingham, MI  48009
litigation@patlaw.com
(248) 647-6000
(248) 647-5210 – Facsimile

*Attorneys for Plaintiff*

DWS/gs
GS–W:\Word Processing\dws\WVA10070-StrikeExpert-Mtn&Brf.doc

## CERTIFICATE OF SERVICE

     I hereby certify that on June 30, 2004, I electronically filed the foregoing **PLAINTIFF'S MOTION IN LIMINE TO STRIKE THE EXPERT REPORT OF HARRY F. MANBECK, JR. AND EXCLUDE MR. MANBECK AS A WITNESS** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Robert J. Lenihan, II  
HARNESS, DICKEY & PIERCE, P.L.C.  
5445 Corporate Drive, Suite 400  
Troy, MI  48098-2683  

and I hereby certify that I have mailed by United States Postal Service as First Class Mail the paper to the following non-ECF participants in a postage prepaid envelope addressed to:

E. Joseph Gess  
B. Jefferson Boggs, Jr.  
BURNS, DOANE, SWECKER & MATHIS, L.L.P.  
1737 King Street, Suite 500  
Alexandria, VA  22314  

s/Douglas W. Sprinkle_____  
Douglas W. Sprinkle (P25326)  
GIFFORD, KRASS, GROH, SPRINKLE,  
ANDERSON & CITKOWSKI, P.C.  
280 N. Old Woodward, Suite 400  
Birmingham, MI  48009  
litigation@patlaw.com  
(248) 647-6000  
(248) 647-5210 – Facsimile  

*Attorneys for Plaintiff*